81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thuan Quang TANG, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70444.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided April 2, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thuan Quang Tang was ordered deported from the United States after he was convicted and imprisoned for attempted second degree murder and aggravated battery with a firearm. He seeks judicial review of the BIA's determination that his appeal was untimely and the BIA's denial of his motion to reopen deportation proceedings. We conclude that the Board correctly ruled that Tang's appeal was untimely and properly denied his motion to reopen. Accordingly, we deny review.
 
 I.
 
 3
 Both Tang and the INS raise jurisdictional concerns. Tang argues that we lack subject matter jurisdiction because there is not a "final order of deportation." He seeks a remand to the BIA for it to reconsider this jurisdictional question. No remand is necessary. The BIA fully considered the issue and concluded that Tang's pro se appeal was untimely.
 
 
 4
 The INS contends that we have jurisdiction, but only to review the Board's denial of reopening. The INS submits that Tang's failure to file a separate petition for review of the Board's ruling on the timeliness of the appeal prevents us from reviewing that issue. Resolving this jurisdiction issue is not as straightforward as the INS presents. Tang was required to file a petition for review of the Board's denial of reopening to preserve his right for judicial review. See Caruncho v. INS, 68 F.3d 356, 361 (9th Cir.1995) (applying Stone v. INS, 115 S.Ct. 1537, 1549 (1995)). Acting on the INS's request, however, we stayed Tang's petition for review pending the Board's ruling on the timeliness of the appeal. After the Board's ruling, we lifted the stay and ordered that Tang's remand motion be considered with the denial of reopening. This may be sufficient to preserve our jurisdiction to review the Board's ruling on the timeliness of Tang's appeal.
 
 
 5
 It is not necessary, however, to resolve this jurisdictional juggernaut. We may avoid a difficult jurisdictional inquiry whenever the merits of an asserted claim are insubstantial. See Hoeck v. City of Portland, 57 F.3d 781, 786 (9th Cir.1995), cert. denied, 116 S.Ct. 910 (1996); Clow v. United States Dept. of Housing and Urban Dev., 948 F.2d 614, 616 & n. 2 (9th Cir.1991).
 
 II.
 
 6
 Tang's contention that his appeal to the Board was timely is insubstantial. Although he timely submitted an appeal form and fee to an INS office, Tang offered no grounds for appeal and indicated that no brief would be filed or oral argument requested. His form was forwarded to an INS service office, but Tang failed to file a notice of appeal with the Office of Immigration Judge as required by 8 C.F.R. §§ 3.3(a) and 3.38(b).
 
 
 7
 The time limit for filing an appeal to the BIA is "mandatory and jurisdictional." Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). Due process may nonetheless be violated by administrative appeal procedures that create uncertainty or arbitrary results. Gonzalez-Julio v. INS, 34 F.3d 820, 825 (9th Cir.1994). Thus, we have allowed late filings when petitioners have been misled into believing that their actions were sufficient to perfect their appeals. Shamsi v. INS, 998 F.2d 761, 762 (9th Cir.1993) (per curiam); Vlaicu v. INS, 998 F.2d 758, 760 (9th Cir.1993) (per curiam). Tang does not contend, however, that he was misled, but rather that the INS should have timely forwarded his notice of appeal to the Office of Immigration Judges. We reject this contention. Tang failed to follow the instructions given to him on the appeal form by not filing a notice of appeal with the Office of Immigration Judge. His appeal was thus untimely, and the order of deportation became final.
 
 III.
 
 8
 Tang contends that the BIA should have granted reopening because the IJ failed to inform him what discretionary relief might be available to avoid deportation. See Moran-Enriquez v. INS, 884 F.2d 420, 422-23 (9th Cir.1989) (INS regulations require an IJ to affirmatively advise aliens of possible eligibility for discretionary relief). Tang's failure to raise this issue to the BIA precludes our review. Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Moreover, we note that the record shows clearly that the IJ discussed the possibility of asylum and discretionary waiver, and concluded that neither was available.
 
 
 9
 We reject Tang's contention that the BIA should have reopened his proceedings because he established a prima facie case of eligibility for discretionary relief. See Caruncho, 68 F.3d at 360. Tang is statutorily ineligible for a withholding of deportation because he committed a "particularly serious crime." See Feroz v. INS, 22 F.3d 225, 227 (9th Cir.1994). A section 212(c), 8 U.S.C. § 1182(c), waiver of inadmissibility is barred by his firearm conviction. See Komarenko v. INS, 35 F.3d 432, 435 (9th Cir.1994); Cabasug v. INS, 847 F.2d 1321 (9th Cir.1988); see also Gjonaj v. INS, 47 F.3d 824, 827 (6th Cir.1995) (assault with a firearm with intent to murder is an aggravated felony precluding section 212(c) relief).
 
 
 10
 Tang contends that he is entitled to an adjustment of status under section 245(c), 8 U.S.C. § 1255(c), that would allow him to obtain a waiver of inadmissibility under section 212(c). The INS concedes that if Tang's status is adjusted, his prior convictions no longer render him automatically deportable, and he would be eligible for discretionary relief. We agree with the INS, however, that Tang is not eligible for adjustment of status. An adjustment requires that an alien have a visa petition or an available visa to adjust. See Choe v. INS, 11 F.3d 925, 928-29 (9th Cir.1993). The Board correctly determined that Tang does not have a visa or anyone authorized to petition for him.
 
 
 11
 Tang nevertheless contends that he is entitled to adjustment as a special immigrant, defined as "an immigrant, lawfully admitted for permanent residence, who is returning from a temporary visit abroad." 8 U.S.C. § 1101(a)(27)(A). The BIA determined that Tang failed to demonstrate that he satisfies these statutory requirements. We agree. See Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991) (Board's interpretation and construction of the Immigration and Naturalization Act are entitled to "considerable deference."). Accordingly, we reject Tang's contention that the Board erred by refusing to reopen his deportation proceedings.
 
 
 12
 Petition for review DENIED and motion for remand DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3