86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Rodolfo De Jesus PINON-MACEO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-1925.
 United States Court of Appeals, First Circuit.
 June 4, 1996.
 
 Herbert P. Sklar for petitioner.
 James A. Hunolt, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, with whom Frank W. Hunger, Assistant Attorney General, Civil Division, and David V. Bernal, Senior Litigation Counsel, Civil Division, were on brief for respondent.
 Before Cyr, Boudin and Lynch, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rodolfo de Jesus Pinon-Maceo petitions for review of a discretionary Board of Immigration Appeals order denying his motion to reopen an earlier deportation hearing. The motion to reopen indicated no abuse of discretion by the BIA, see INS v. Doherty, 502 U.S. 314, 323 (1992), but simply attempted to relitigate the merits of the original claim for asylum, but see Caruncho v. INS, 68 F.3d 356, 359-62 (9th Cir.1995), viz., that deportation for Cuba would subject him to prosecution and imprisonment for having jumped a Cuban vessel while docked in Canada. The BIA upheld an Immigration Judge's ruling that petitioner was ineligible, either for asylum or for the withholding of deportation, since his asserted fears were predicated on possible prosecution, not persecution.
 
 
 2
 A motion to reopen seeks permissive relief, see id. at 361, which may be denied solely because it introduces no " 'previously unavailable, material evidence....' " Id. at 360 (quoting Doherty, 502 U.S. at 323), as was the case here. The motion to reopen alleged that petitioner would be exposed to imprisonment or death for having jumped ship. It claimed that the situation had been worsened by a more restrictive immigration policy announced on May 2, 1995, pertaining to future Cuban "rafters." The BIA concluded that petitioner had failed to demonstrate that the motion to reopen was based on any new evidence, the immigration policy on "rafters" notwithstanding. We agree.
 
 
 3
 Petitioner has not shown, either before the BIA or here, that the new immigration policy was material to his request for asylum or withholding deportation. At most, the new immigration policy allegedly exacerbated petitioner's fears of "prosecution" for having jumped ship in violation of Cuban law, as distinguished from a legitimate fear of "persecution." As there was no error in the BIA determination that the claim for asylum was unfounded because an "alien's prosecution and possible imprisonment for civil or criminal violations pursuant to law do not constitute persecution," there can have been no abuse of discretion. See id.
 
 
 4
 The petition for review is denied.