USCA1 Opinion

 

 June 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1925 RODOLFO DE JESUS PINON-MACEO, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.  ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS  ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________  ____________________ Herbert P. Sklar for petitioner. ________________ James A. Hunolt, Attorney, Office of Immigration Litigation, _________________ Civil Division, Department of Justice, with whom Frank W. Hunger, ________________ Assistant Attorney General, Civil Division, and David V. Bernal, ________________ Senior Litigation Counsel, Civil Division, were on brief for respondent.  ____________________  ____________________ Per Curiam. Rodolfo de Jesus Pinon-Maceo petitions for Per Curiam __________ review of a discretionary Board of Immigration Appeals order denying his motion to reopen an earlier deportation hearing. The motion to reopen indicated no abuse of discretion by the BIA, see ___ INS v. Doherty, 502 U.S. 314, 323 (1992), but simply attempted to ___ _______ relitigate the merits of the original claim for asylum, but see ___ ___ Caruncho v. INS, 68 F.3d 356, 359-62 (9th Cir. 1995), viz., that ________ ___ ____ deportation to Cuba would subject him to prosecution and imprisonment for having jumped a Cuban vessel while docked in Canada. The BIA upheld an Immigration Judge's ruling that petitioner was ineligible, either for asylum or for the withholding of deportation, since his asserted fears were predicated on possible prosecution, not persecution.  A motion to reopen seeks permissive relief, see id. at ___ __ 361, which may be denied solely because it introduces no "'previously unavailable, material evidence . . . .'" Id. at 360 ___ (quoting Doherty, 502 U.S. at 323), as was the case here. The _______ motion to reopen alleged that petitioner would be exposed to imprisonment or death for having jumped ship. It claimed that the situation had been worsened by a more restrictive immigration policy announced on May 2, 1995, pertaining to future Cuban "rafters." The BIA concluded that petitioner had failed to demonstrate that the motion to reopen was based on any new evidence, the immigration policy on "rafters" notwithstanding. We agree.  2 Petitioner has not shown, either before the BIA or here, that the new immigration policy was material to his request ________ for asylum or withholding deportation. At most, the new immigration policy allegedly exacerbated petitioner's fears of "prosecution" for having jumped ship in violation of Cuban law, as distinguished from a legitimate fear of "persecution." As there was no error in the BIA determination that the claim for asylum was unfounded because an "alien's prosecution and possible imprisonment for civil or criminal violations pursuant to law do not constitute persecution," there can have been no abuse of discretion. See id. ___ __ The petition for review is denied. The petition for review is denied. _________________________________ 3