Anis Shokri Salama **MALTY**,
Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE**
Respondent.

**Nos. 99–70298, 00–71062.
I & NS No. A72 441 899.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2001.*

Decided Oct. 12, 2001.

Before BRUNETTI, RYMER, and
WARDLAW, Circuit Judges.

MEMORANDUM **

Anis Shokri Salama–Malty, a native and citizen of Egypt, petitions for review of two Board of Immigration Appeals ("BIA") decisions. Petition number 99–70298 seeks review of the BIA's dismissal of his appeal of an Immigration Judge's ("IJ") decision holding that he was ineligible for asylum and withholding of deportation. Petition number 00–71062 seeks review of the BIA's denial of Petitioner's Motion for Reconsideration/Remand. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") section 309(c), and we deny the petitions.

We review for substantial evidence the BIA's finding that Salama–Malty did not demonstrate a well-founded fear of persecution, *see Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995), and for abuse of discretion the BIA's denial of Salama–Malty's Motion for Reconsideration/Remand, *see Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

Salama–Malty contends that substantial evidence does not support the BIA's finding that he did not demonstrate a well-founded fear of persecution. Salama–Malty's contention lacks merit because the evidence of discrimination in the record before the BIA does not rise to the level of persecution. This court has defined persecution as an "extreme concept" that in-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

cludes the "infliction of suffering or harm." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998) (citation omitted). Persecution requires extreme, rather than just offensive, mistreatment. *Ghaly*, 58 F.3d at 1431. The fact that Salama–Malty suffered two incidents in which tomatoes, eggs, and stones were thrown at his car, while offensive, does not rise to the level of persecution required by the statute. Nor are the circumstances of this case at all like those in *Matter of Chen*, Int. Dec. 3104 (BIA 1989). Therefore, the BIA's finding that Salama–Malty neither suffered past persecution nor possessed an objective fear of future persecution is supported by substantial evidence. *See Ghaly*, 58 F.3d at 1431.

Likewise, Salama–Malty's contention that he is eligible for withholding of deportation is without merit because he failed to meet the less stringent showing required for asylum eligibility. *See Singh v. INS*, 134 F.3d 962, 971 (9th Cir.1998).

Salama–Malty's argument that the BIA abused its discretion by not remanding the case back to the IJ, or that the Board and the IJ have concurrent jurisdiction, is also without merit. Jurisdiction vests with the BIA upon the filing of the Notice of Appeal. *See* 8 C.F.R. § 3.2; *Singh–Bhathal v. INS*, 170 F.3d 943, 945 (9th Cir.1999). Moreover, the regulations expressly provide that when a motion to reopen or reconsider is filed while an appeal is pending before the BIA, the motion may be "consolidated with, and considered by the Board in connection with the appeal to the Board." 8 C.F.R. § 3.2(b)(1),(c)(4). Therefore, the BIA properly exercised jurisdiction and denied the motion because it presented no evidence that the IJ had not already considered. *See Caruncho v. INS*, 68 F.3d 356, 361 (9th Cir.1995).

Finally, Salama–Malty argues: (1) the plain language of IIRIRA dictates that the new stop time rules do not apply to aliens placed into deportation proceedings prior to IIRIRA's effective date; (2) the legislative history supports the interpretation that the new stop time rules are not retroactive; (3) principles of retroactivity preclude an expansive interpretation of the new stop time provisions; and (4) application of the new stop time rules to Salama–Malty violates the Equal Protection Clause of the United States Constitution. Each of these arguments is foreclosed by this court's decision in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001). Salama–Malty entered the United States on August 6, 1991 and the INS served the order to show cause on March 11, 1996. Because he had yet to accrue seven years of continuous physical presence when he was served with the order to show cause and was in deportation proceedings when the new rules became effective, Salama–Malty is ineligible for suspension of deportation. 8 U.S.C. § 1254(a)(1) (1994), *as amended by* IIRIRA § 244(a)(1), *codified at* Pub.L. No. 104–132, 110 Stat. 1214; *Ram*, 243 F.3d at 516–18.

We do not consider Salama–Malty's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

PETITIONS DENIED.