Audie Cabrera DOLLESIN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70649.

I & NS No. A42–421–113.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2002.

Decided April 10, 2002.

Before FERNANDEZ, RAWLINSON, Circuit Judges, and SHEA,* District Judge.

MEMORANDUM **

Audie Cabrera Dollesin ("Dollesin"), a native and citizen of the Philippines, petitions this court for review of the Board of Immigration Appeals ("BIA") decision denying his motion to reopen proceedings. We deny the petition.

Dollesin filed a motion to reopen proceedings before the BIA so that he could apply for adjustment of status, and suspension of deportation. The BIA held that because Dollesin had failed to establish prima facie eligibility for either form of relief, his motion should be denied. We review the denial of a motion to reopen for

---

* Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

abuse of discretion. *Caruncho v. INS*, 68 F.3d 356, 360 (9th Cir.1995).

In order to be eligible for adjustment of status, Dollesin must obtain a waiver of the fraud he committed to procure a visa. 8 U.S.C. § 1182(a)(6)(C)(i) & 1182(i). Because Dollesin has not done so, it was not abuse of discretion for the BIA to deny the motion for failure to make a prima facie showing.

The BIA also held that Dollesin could not show prima facie eligibility for suspension of deportation because, as a transitional rule alien, the issuance of an Order to Show Cause stopped his period of continuous physical presence. Dollesin's argument on this point is foreclosed by this court's decision in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001).

PETITION DENIED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.