**Yolanda Rodriguez ARTEAGA, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–72409.

Agency No. A75–676–046.

United States Court of Appeals, Ninth Circuit.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* John Ashcroft, Attorney General is the proper respondent. The clerk shall amend the docket to reflect the above caption.

Submitted Sept. 15, 2003.**

Decided Sept. 22, 2003.

Yolanda Rodriguez Arteaga, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Jennifer L. Lightbody, Hillel Smith, Office of Immigration Litigation, Margaret Perry, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM***

Yolanda Rodriguez Arteaga, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order denying her motion to reconsider the denial of her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion for reconsideration for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny the petition.

Although Rodriguez Arteaga's petition addresses the merits of the BIA's order denying cancellation of removal rather than its reconsideration order, we have jurisdiction to review only the reconsideration order because Rodriguez Arteaga did not timely petition this court for review of the order denying cancellation of removal.

*See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

Rodriguez Arteaga has waived any challenge to the order denying reconsideration by failing to address it in her petition to this court. *See id.* at 1259–60. However, we note that, because Rodriguez Arteaga failed to identify any factual or legal errors in the BIA's prior decision, as required by 8 C.F.R. § 3.2(b)(1) (2002), the BIA's denial of reconsideration was not "arbitrary, irrational, or contrary to law." *See Caruncho v. INS*, 68 F.3d 356, 360 (9th Cir.1995). Accordingly, the BIA did not abuse its discretion in denying the motion for reconsideration. *See id.*

**PETITION FOR REVIEW DENIED.**

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

