**Emilio GARCIA–PALOMARES,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70783.

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2004.*

Decided April 6, 2004.

Thomas A. Mix, Esq., Carlsbad, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Audrey B. Hemesath, Victor M. Lawrence, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before THOMAS, W. FLETCHER and BEA, Circuit Judges.

MEMORANDUM **

Emilio Garcia–Palomares, native and citizen of Mexico, seeks review of the Board

of Immigration Appeals' ("BIA") decision affirming denial of application for cancellation of removal and denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part, and deny it in part.

We lack jurisdiction to review the BIA's discretionary decision that Garcia–Palomares did not qualify for cancellation of removal because he failed to demonstrate "exceptional and extremely unusual hardship" to his qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 890–91 (9th Cir. 2003).

The BIA did not abuse its discretion by denying Garcia–Palomares's motion to reopen and reconsider because petitioner did not demonstrate that his proffered evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1) ("[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing …"). Moreover, the BIA's stated reasons for denying the motion were not "arbitrary, irrational or contrary to law." *See Caruncho v. INS*, 68 F.3d 356, 360 (9th Cir.1995) (explaining that the court defers to the decision of the BIA unless it acted in a manner "arbitrary, irrational or contrary to law").

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, No. 03–70477, and further order of this Court.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DISMISS in part; DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.