Maria Guadalupe BARAJAS–MAGANA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72674.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Maria Guadalupe Barajas–Magana, Federal Way, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, David J. Kline, Esq., Hugh G. Mullane, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

#### MEMORANDUM **

Maria Guadalupe Barajas–Magana, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her motion to reopen. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

The IJ did not abuse her discretion by denying Barajas–Magana's motion to reopen because the motion was not timely filed pursuant to 8 C.F.R. § 1003.2(c)(2). *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (holding that the agency does not abuse its discretion unless it acts arbitrarily, irrationally, or contrary to law). Moreover, Barajas–Magana's motion to reopen was properly denied because she did not establish that the IJ retained jurisdiction of her case following the 1996 order of voluntary departure under safeguards.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Caruncho v. INS*, 68 F.3d 356, 360–61 (9th Cir.1995) (holding that the BIA may deny a motion to reopen for failure to establish a prima facie case for the relief sought).

We lack jurisdiction to review Barajas–Magana's contention that the IJ should have sua sponte reopened the proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (holding that this Court lacks jurisdiction to review the agency's refusal to exercise its authority to reopen sua sponte.)

Barajas–Magana's remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**