**Neltun Wilfredo Linares BENITEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73090.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2005.[*]

Decided Sept. 2, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edgardo Quintanilla, Esq., Attorney at Law, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Mark L. Gross, Esq., Lisa W. Edwards, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: WALLACE, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Neltun Wilfredo Linares Benitez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his motion to reconsider the IJ's previous order denying his motion to reopen deportation proceedings. We have jurisdiction under former 8 U.S.C. § 1105a(a) and we apply the transitional rules. *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999). We review for abuse of discretion, *id.*, and we deny the petition for review.

Benitez applied for asylum in 1994, failed to appear at his hearing before the IJ in 1995, and was ordered deported in absentia. In 2002 he moved to reopen, but offered no explanation for his failure to file within the 90–day time limit on motions to reopen. *See* 8 C.F.R. § 1003.23(b)(1). Rather, Benitez sought to reapply for asylum because of changed country conditions in El Salvador. *See* 8 C.F.R. § 1003.23(b)(4)(i) ("The time and numerical limitations [on motions to reopen] . . . shall not apply if the basis of the motion is to apply for asylum . . . and is based on changed country conditions . . ."). Benitez supported his motion with a single-page State Department Country Report for El Salvador in 2000. This report indicated a general improvement in conditions since the civil war and contained no information about harm that an individual such as Benitez might suffer. The IJ denied reopening because Benitez failed to offer material evidence of changed country conditions as required by 8 C.F.R. § 1003.23(b)(4)(i). *See Konstantinova*, 195 F.3d at 530 (upholding denial of motion to reopen when evidence offered was "too general.").

The IJ acted within his discretion in denying Benitez's motion to reconsider because Benitez did not identify any errors of law or fact in the IJ's order denying reopening, as required by 8 C.F.R. § 1003.2(b)(2). Contrary to Benitez's contention, it is evident from the IJ's order that he did not overlook any facts or argument raised by Benitez. *See Caruncho v. INS*, 68 F.3d 356, 361–62 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.