**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHENG YU, | No. 09-70812 |
| Petitioner, | Agency No. A095-883-707 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2013**
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Cheng Yu, a native and citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' (BIA) denial of his motion to

reopen proceedings involving his claims for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252. We review the BIA's denial of Yu's motion to reopen for abuse of discretion, and we review purely legal questions, including Yu's due process claim, de novo. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).

The BIA acted within its discretion in denying Yu's motion as untimely. Yu neither filed his motion to reopen within ninety days of the final administrative order, nor satisfied the regulatory exception to this deadline by presenting new, credible, and material evidence of changed conditions in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). We reject Yu's contention that all doubts should be resolved in favor of the alien. *See INS v. Abudu*, 485 U.S. 94, 109-10 (1988) (explaining, in the context of a motion to reopen deportation proceedings, that it has "never suggested that all ambiguities in the factual averments must be resolved in the movant's favor"). The BIA did not abuse its discretion because the record indicates that it did not act arbitrarily, irrationally, or contrary to law. *See Caruncho v. INS*, 68 F.3d 356, 360 (9th Cir. 1995).

Yu's argument that his due process rights were violated because he was deprived of a neutral adjudicator is unsupported by the evidence.

Petition for review DENIED.